UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Defendant. | Civil Action No. 22-3153 (JEB) |

## MEMORANDUM OPINION

In this Freedom of Information Act dispute, Plaintiff Judicial Watch, Inc. seeks a broad swath of records from Defendant Department of Health and Human Services relating to the safety of several COVID-19 vaccines. The Department now moves to dismiss, contending that Plaintiff's overbroad request fails to reasonably describe the records sought. Although the Court is sympathetic to HHS's position that Judicial Watch seeks too much, it cannot say that the request does not reasonably identify the records at issue. While it will thus deny the Motion, the Court encourages the parties to work together towards narrowing the request.

**I.    Background**

The Court draws the facts from Plaintiff's Complaint and for purposes of this Motion presumes them to be true. See Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000).

Congress enacted FOIA "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." Dep't of the Air Force v. Rose, 425 U.S. 352, 361 (1976) (quotation marks and citation omitted). The statute provides that "each agency, upon any request

1

for records which (i) reasonably describes such records and (ii) is made in accordance with published rules . . . shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). A request "reasonably describes" the sought records if "the agency is able to determine precisely what records are being requested." Kowalczyk v. Dep't of Just., 73 F.3d 386, 388 (D.C. Cir. 1996) (quoting Yeager v. Drug Enf't Admin., 678 F.2d 315, 326 (D.C. Cir. 1982)).

Judicial Watch's FOIA request here, submitted via email on June 1, 2022, sought the following records from the National Institutes of Allergy and Infectious Diseases, a component of HHS:

1. All safety studies, data, reports, and analyses produced by the Division of Microbiology and Infectious Diseases (DMID) relating to the safety of "vaccines" and/or gene therapies to treat and/or prevent SARS-CoV-2 and/or COVID-19 made by Pfizer, BioNTech, Moderna, Johnson & Johnson, and Janssen.

2. All emails sent to and from the following DMID officials relating to the safety of "vaccines" and/or gene therapies to treat and/or prevent SARSCoV-2 and/or COVID-19 made by Pfizer, BioNTech, Moderna, Johnson & Johnson, and Janssen:

    a. The Director of DMID
    b. The head of the Office of Genomics & Advanced Technologies
    c. The head of the Office of International Research in Infectious Diseases
    d. The head of the Office of Regulatory Affairs
    e. The head of the Office of Clinical Research Affairs
    f. The head of the Clinical Trials Management Section
    g. The head of the Virology Branch
    h. The head of the Respiratory Diseases Branch
    i. The head of the Influenza, SARS, and Other Viral Respiratory Diseases Section.

ECF No. 1 (Compl.), ¶ 5. The request specified that "[t]he time frame for the records sought is June 1, 2020 to the present." Id. Also on June 1, 2022, NIAID acknowledged receipt of the request. Id., ¶ 6.

Later that month, an HHS FOIA analyst reached out to the Judicial Watch requester to discuss narrowing the scope of the request. Id., ¶ 7; see also ECF No. 8 (Pl. Opp.), Attach. 1 (Decl. of William Marshall), ¶ 4. The parties discussed limiting the number of officials subject to the request and the window of time for the request. See Marshall Decl. Those discussions stalled at the end of June 2022. See Compl., ¶ 7.

Plaintiff then filed this action against HHS on October 17, 2022. Defendant now moves to dismiss, arguing that Plaintiff's request fails to "reasonably describe" the sought records within the meaning of the statute because it is too vague and overbroad. See ECF No. 7 (MTD) at 4.

**II.      Legal Standard**

Although "FOIA cases typically and appropriately are decided on motions for summary judgment," Kearns v. FAA, 312 F. Supp. 3d 97, 104 (D.D.C. 2018), courts analyze challenges to the sufficiency of FOIA claims under Rule 12(b)(6). See Hidalgo v. FBI, 344 F.3d 1256, 1260 (D.C. Cir. 2003) (vacating grant of summary judgment and remanding FOIA case "with instructions to the district court to dismiss the complaint under [Rule] 12(b)(6) . . . for failure to exhaust administrative remedies"); see also Acosta v. FBI, 946 F. Supp. 2d 47, 49–50 (D.D.C. 2013) (proceeding this way); Jean-Pierre v. BOP, 880 F. Supp. 2d 95, 100 n.4 (D.D.C. 2012) (stating similarly); Jones v. Dep't of Just., 576 F. Supp. 2d 64, 66 (D.D.C. 2008) (same).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief may be granted. In evaluating such a motion to dismiss, courts must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" Sparrow, 216 F.3d at 1113 (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)). Although "detailed factual

3

allegations" are not necessary to withstand a Rule 12(b)(6) motion, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570) — that is, the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. A court need not accept as true, then, "a legal conclusion couched as a factual allegation," Trudeau v. Fed. Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)), nor "inferences . . . unsupported by the facts set out in the complaint." Id. (quoting Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

### III.   Analysis

The Government's Motion to Dismiss levels one central charge: that Plaintiff's FOIA request fails to "reasonably describe" the records sought within the meaning of 5 U.S.C. § 552(a)(3)(A). See MTD at 4. This error, the Government argues, means that Plaintiff has not submitted a valid request that can obtain relief, see MTD at 4–6; relatedly, without a valid request, it has not properly exhausted administrative remedies within HHS. Id. at 7.

Under FOIA, an agency is obliged to make "promptly available" records that are "reasonably describe[d]" in a written request and are not exempt from disclosure. See 5 U.S.C. § 552(a)(3)(A), 552(b). The central question in assessing whether records are reasonably described is whether "the agency is able to determine precisely what records are being requested." Yeager, 678 F.2d at 326 (citation, internal quotations, and alteration omitted). That evaluation boils down to whether a "description of a requested document would be sufficient [to] enable[ ] a professional employee of the agency who was familiar with the subject area of the

request to locate the record with a reasonable amount of effort." Truitt v. Dep't of State, 897 F.2d 540, 545 n. 36 (D.C. Cir. 1990) (internal citation and quotation marks omitted).

Here, it appears that Judicial Watch has described the relevant records with sufficient specificity. Plaintiff has identified particular types of documents that it seeks on a defined subject matter, and it has listed a specific set of ten or so individuals from whom it seeks communications on the topic. See Compl., ¶ 5. Judicial Watch has also identified a two-year timeframe for responsive records. Id. The Court cannot say that such a request, while undeniably broad, does not allow the agency to determine which records are being requested. Indeed, an HHS FOIA analyst has apparently been able to conduct an initial, albeit unwieldy, search for responsive records. See Marshall Decl. at 4–8 (Email Thread).

The request here accordingly differs from the one at issue in Freedom Watch v. Department of State, 925 F. Supp. 2d 55 (D.D.C. 2013), the principal case on which Defendant relies. There, Freedom Watch had sought 63 categories of records, including categories such as: "[A]ny and all communications to or from . . . the White House in general regarding China"; "all" records that "discuss Iran in the context of American politics and/or elections"; and "[a]ny and all communications between the office of Secretary of State Hillary Clinton and the office of Secretary of the Treasury Timothy Geithner," "the office of Secretary of State Hillary Clinton and the White House," and "the office of Secretary of Treasury Timothy Geithner and the White House." Id. at 57, 61–62. The key infirmities there, the court wrote, were the vague references to general subject matters (such as "American politics"), the lack of subject-matter limitations (on the State/Treasury/White House communications), and the lack of a definite timeframe (on all). Id. at 61–62. Those concerns are not present here. This request is broad but ultimately

5

capable of being reduced to defined search terms — as it seems an HHS FOIA analyst has already attempted. See Email Thread.

This does not necessarily end the inquiry, however. A closer question, albeit one not pressed by the agency, concerns whether producing records responsive to Plaintiff's criteria would be unduly burdensome. The D.C. Circuit has explained that "a request that requires 'an unreasonably burdensome search'" does not reasonably describe the records sought, and therefore the "agency need not honor" it. Am. Fed'n of Gov't Emps., Local 2782 v. Dep't of Com., 907 F.2d 203, 209 (D.C. Cir. 1990) (quoting Goland v. CIA, 607 F.2d 339, 353 (D.C. Cir. 1978)); see also Schrecker v. U.S. Dep't of Just., 349 F.3d 657, 664 (D.C. Cir. 2003) ("[T]here are limits to the lengths to which an agency must go in responding to a FOIA request."). An agency refusing to act on a document request given the burden production might entail must provide a "sufficient explanation as to why such a search would be unreasonably burdensome." Nation Mag., Wash. Bureau v. U.S. Customs Serv., 71 F.3d 885, 892 (D.C. Cir. 1995).

Defendant's Motion to Dismiss focuses on the purported vagueness of Plaintiff's request and less so on the burden that such request would impose. See MTD at 5 (Motion's sole reference to burden on agency); ECF No. 9 (Reply) at 2 (referring to difficulty of search). Defendant accordingly has not yet sufficiently explained why conducting the challenged search would be unduly burdensome. Any such explanation, moreover, would need to rely on a more developed record and thus would be more appropriate at summary judgment. Compare, e.g., Ayuda, Inc. v. Fed. Trade Comm'n, 70 F. Supp. 3d 247, 275 (D.D.C. 2014) (request unduly burdensome where redacting requested documents "would take more than 8,000 hours"); and Long v. Immigr. & Customs Enf't, 149 F. Supp. 3d 39, 56 (D.D.C. 2015) (same where response would require poring over "five terabytes" of data); with Kwoka v. Internal Revenue Serv., No.

17-1157, 2018 WL 4681000, at *5 (D.D.C. Sept. 28, 2018) (request not unduly burdensome where document review "would require almost 2,200 hours of work").

Common sense nonetheless should guide the parties' next steps here. Plaintiff's request is extraordinarily broad, and the production of responsive documents, even were it found not unduly burdensome at summary judgment, would require unusually protracted agency review. The Court cannot guarantee a production schedule that would be amenable to Plaintiff, and the onus would be on Judicial Watch for insisting on such a comprehensive request. The Court thus believes that it would behoove Plaintiff to narrow its request and encourages the parties to work in good faith towards such narrowing, cognizant that both sides will benefit from more streamlined — and thereby quicker — production.

## IV.   Conclusion

For the foregoing reasons, the Court will deny Defendant's Motion to Dismiss. A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  January 19, 2023